IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LATARSHA EPPS**                                                                 **PLAINTIFF**

v.                                                         CAUSE NO. 3:17cv918-LG-LRA

**HAZLEHURST CITY SCHOOL
DISTRICT; LISA DAVIS,** in her
individual and official capacities;
**KENNETH THRASHER,** in his
individual and official capacities;
**PAUL RHODES,** in his individual
and official capacities; and **JOHN
DOES 3-10**                                                     **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the [23] Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher. The Motion argues that Plaintiff Latarsha Epps has failed to plead her claims under 42 U.S.C. § 1983 with sufficient particularity to overcome Defendants qualified immunity. However, it is unclear what specific relief Defendants' seek. The Motion interchangeably requests dismissal of the § 1983 claims, a Court-ordered *Schultea* reply, and limited immunity-related discovery. The Motion is fully briefed. Having reviewed the pleadings, the submissions of the parties, and relevant law, the Court finds that a *Schultea* reply is required.

I. BACKGROUND

Plaintiff Latarsha Epps is a former employee of the Hazlehurst City School District ("the School District") who held various different positions from March 2009

through her date of termination on November 18, 2016. At the time of her termination, she was employed as a business office assistant and also as the administrative assistant clerk for the Board of Trustees of the School District ("the Board"). She says that her position as the Board's administrative assistant clerk was pursuant to a contract providing for a one-year term of employment beginning July 1, 2016.

Epps' [4] Amended Complaint alleges that from July 1, 2016 through the date of her termination, she informed all of the defendants – the District, Lisa Davis, Kenneth Thrasher, and Paul Rhodes – that various actions by Davis – the superintendent for the District – and the Board violated state laws regarding nepotism, finances, bids, and Board meeting record keeping. Epps asserts she told Thrasher and Rhodes – members of the Board – and Davis that Davis's decision to hire her son into a position in which Davis was his supervisor violated the state's nepotism prohibition. Epps says she informed Thrasher, Rhodes, and Davis that the Board's use of District money to pay for Mississippi High School Athletic Association passes for Board members, Davis, and Davis's family was a misappropriation of public funds.

Epps also maintains that she informed Thrasher, Rhodes, and Davis that Davis's attempt to coerce Epps to change already-approved meeting minutes and the Board's decision to alter those approved minutes were both illegal. Epps says she spoke to, and emailed, Thrasher, Rhodes, and Davis about Davis abusing her power as superintendent, failing to follow travel requirements, backdating

– 2 –

documents, changing board minutes, failing to follow statutory purchasing requirements, and improper use of money. Finally, Epps says she told Thrasher and Rhodes that Davis retaliates against employees for exercising their free speech right. On November 18, 2016, Epps was fired. She says her termination was retaliation for speaking publicly about Davis's unlawful conduct.

Epps' Amended Complaint alleges causes of action under 42 U.S.C. § 1983, the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, and Mississippi tort law. Pertinent to the instant Motion for Judgment Based on Qualified Immunity on the Pleadings are Epps' § 1983 claims. She alleges First Amendment retaliation against all defendants and a related claim, purportedly against the District, Thrasher, and Rhodes, for their failure to investigate Epps' charges of wrongdoing and unlawful termination.

The Motion for Judgment on the Pleadings Based on Qualified Immunity seemingly requests three alternative forms of relief: 1) dismissal of the plaintiff's § 1983 claims against Davis, Thrasher, and Rhodes in their individual capacities, 2) a *Schultea* Reply stating "specific factual and legal allegations tied to each particular defendant," or 3) leave for the parties to conduct limited immunity-related discovery. (Defs.' Mem. Supp. Mot. J. Pleadings 8, ECF No. 24.) Epps contends in response that she has sufficiently pleaded a factual basis for her claims against Davis, Thrasher, and Rhodes individually, but alternatively asks for leave to file a *Schultea* Reply. In Reply, Defendants argue that Epps' failure to investigate claim fails to allege a constitutional violation and that Epps' First Amendment retaliation

– 3 –

claim fails because she does not allege that her protected speech was made as a citizen.

## II. DISCUSSION

a. <u>Standard of Review</u>

"A Motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding a Rule 12(c) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

### b. Qualified Immunity

42 U.S.C. § 1983 provides a cause of action for the violation of an individual's rights secured by the Constitution or laws of the United States by a person acting under color of state law. However, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Accordingly, a government official is entitled to immunity from suit unless (1) Plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct. *Id.* at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

"When a defendant pleads the defense of qualified immunity, the trial judge should determine both what the current applicable law is and whether it was clearly established when the action occurred." *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995) (en banc) (citing *Siegert v. Gilley,* 500 U.S. 226, 231 (1991)). The plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not particularly within the knowledge of the defendants." *Id.* The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999).

The Fifth Circuit has instructed the trial courts that there exists an alternative to outright dismissal of claims that do not surmount the threshold hurdle of qualified immunity:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations. A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

*Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1434.

c. <u>Analysis</u>

Epps' two § 1983 claims are premised upon the First Amendment and, presumably, the Fourteenth Amendment (although Epps does not state a constitutional basis for her failure to investigate claim). The Court will address each in turn.

To allege an actionable § 1983 First Amendment retaliation claim, a public employee like Epps must establish the following: "(1) she suffered an adverse employment action; (2) her speech involved a matter of public concern; (3) her interest in commenting on matters of public concern outweighs the employer's interest in promoting efficiency; and (4) her speech motivated the employer's adverse action." *Modica v. Taylor*, 465 F.3d 174, 180 (5th Cir. 2006). Defendants

– 6 –

argue that Epps has failed to adequately allege that the speech at issue involved a matter of public concern. The Court agrees that the Complaint does not clearly indicate the circumstance of Epps' allegedly protected speech.

"Whether the speech at issue is on a matter of public concern is a question of law that must be determined by the court." *Modica*, 465 F.3d at 180 (quoting *Salge v. Edna Indep. Sch. Dist.,* 411 F.3d 178, 184 (5th Cir. 2005)). But "before asking whether the subject-matter of particular speech is a topic of public concern, the court must decide whether the plaintiff was speaking 'as a citizen' or as part of her public job." *Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008) (quoting *Mills v. City of Evansville*, 452 F.3d 646, 647 (7th Cir. 2006)). "Only when government penalizes speech that a plaintiff utters 'as a citizen' must the court consider the balance of public and private interests . . . ." *Id.* (quoting *Mills*, 452 F.3d at 647-48). "Activities undertaken in the course of performing one's job are activities pursuant to official duties and not entitled to First Amendment protection." *Id.* at 313.

The Amended Complaint does not specify how, where, when, and in what capacity Epps informed each of the defendants that their conduct ran afoul of state laws. It is necessary for the Court to consider these circumstances in order to make a determination about whether Epps spoke as a citizen on a matter of public concern. Epps will be required to file a *Schultea* Reply that more particularly addresses these shortcomings.

Additionally, given qualified immunity's requirement that any asserted basis for § 1983 liability be clearly established at the time of the relevant events, the

– 7 –

Court directs the plaintiff to consider the Fifth Circuit's recent decision in *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018), which this Court discussed in *Smith v. City of Madison*, No. 3:18cv18-LG-RHW (S.D. Miss. Oct. 23, 2018) (Mem. Op. & Order, ECF No. 62). *Sims* held that, although "individual liability for a government official who violates constitutional rights, including First Amendment ones, turns on traditional tort principles of 'but for' causation," it was not clearly established prior to *Sims* that "First Amendment liability can attach to a public official who did not make the final employment decision." 894 F.3d at 639-41. Epps is directed to also address in her Reply the extent to which *Sims* forecloses, on immunity grounds, her First Amendment retaliation claims against defendants in their individual capacities.

As to Epps' failure to investigate claim, it is not clear to the Court that such an independent claim exists. *See, e.g.*, *Rolen v. City of Brownfield*, 182 F. App'x 362, 364 (5th Cir. 2006) ("Failure to investigate or prosecute an offense does not give rise to § 1983 liability."); *Doe v. City of Pharr*, No. 7:14-CV-285, 2015 WL 12966230, at *4 (S.D. Tex. Feb. 19, 2015), *aff'd*, 652 F. App'x 259 (5th Cir. 2016) ("In short, Plaintiffs' claim that Mata was not properly investigated and prosecuted for his actions does not allege that any of Jane Doe's federally or constitutionally protected rights were violated."); *World Wide St. Preachers' Fellowship v. Town of Columbia, La.*, No. CIV. A. 05-0513, 2008 WL 920721, at *11 (W.D. La. Apr. 3, 2008) ("'The court fails to see how Chief Hill's failure to investigate Plaintiffs' claims constitutes a violation of Plaintiffs' constitutional rights' because '[*City of St. Louis v.*

*Praprotnik*, 405 U.S. 112 (1988)] requires more than . . . the mere failure to investigate the discretionary decisions of' officers, or a 'failure to act on the representations made by Plaintiffs' counsel.'") (quoting *Grove v. City of York, PA*, 342 F. Supp. 2d 291, (M.D. Pa. 2004)).

Rather, as suggested by this foregoing caselaw and made more explicit by other decisions, a municipal entity's failure to investigate the wrongdoing of individual misconduct "may constitute evidence that a municipality has a policy or custom of tolerating unconstitutional behavior" for purposes of establishing municipal liability under *Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658 (1978). *Greenlee v. Miami Twp, Ohio*, No. 3:14-CV-173, 2015 WL 631130, at *8 (S.D. Ohio Feb. 12, 2015), *aff'd*, No. 15-3172 (6th Cir. Sept. 23, 2015); *see also McGuire v. Warner*, No. 05-40185, 2009 WL 1210975, at *9 (E.D. Mich. Apr. 28, 2009) ("Once an individual's rights have been violated, a subsequent failure to investigate that very same incident—standing alone—cannot logically be the 'moving force' behind the alleged constitutional deprivation."); *Battista v. Cannon*, 934 F. Supp. 400, 404 (M.D. Fla. 1996) ("The Plaintiff has alleged that the Defendant, in his official capacity as Sheriff . . ., had de facto policies, as well as customs, which were the moving force behind the deprivation of her Constitutional rights. If proven, the Defendant's alleged failure to investigate, supervise or discipline [the officer] may be sufficient to constitute liability.")

The cases cited by the plaintiff – *McNeal v. Tate Cty. Sch. Dist.*, 460 F.2d 568, 572-73 (5th Cir. 1971) and *Randle v. Indianola Mun. Separate Sch. Dist.*, 373 F.

– 9 –

Supp. 766, 771 (N.D. Miss. 1974) – also seem to support this notion. Both cases deal with the constitutional responsibilities and resulting liability of municipal entities, not individual state actors. Because it is not clear to the Court what legal or constitutional right underlies Epps' failure-to-investigate claims, Epps is also directed to articulate, in her Reply, the legal basis for the failure-to-investigate claims she asserts against the defendants in their individual capacities.

### III. CONCLUSION

The Court has determined that Epps' allegations in her Amended Complaint are insufficient to overcome the individual defendants' cloak of qualified immunity. Under the circumstances, the Court finds that a *Schultea* Reply addressing the Court's concerns is appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [23] Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** insofar as it seeks to compel Plaintiff Latarsha Epps to respond to Defendants' qualified immunity defense and is otherwise **DENIED** at this time.

**IT IS FURTHER ORDERED** that Plaintiff Latarsha Epps is directed to file a *Schultea* Reply consistent with this Opinion on or before **November 9, 2018**.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE