IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LATARSHA EPPS**                                                              **PLAINTIFF**

v.                                                   CAUSE NO. 3:17cv918-LG-LRA

**HAZLEHURST CITY SCHOOL
DISTRICT; LISA DAVIS, in her
individual and official capacities;
KENNETH THRASHER, in his
individual and official capacities;
PAUL RHODES, in his individual
and official capacities; and JOHN
DOES 3-10**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' SECOND MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is the [52] Second Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher. The Motion argues that Plaintiff's *Schultea* reply does not alleges facts to overcome Defendants' qualified immunity, and that Plaintiff's § 1983 claims against Defendants in their individual capacities should therefore be dismissed. The Motion is fully briefed. Having considered the pleadings, Plaintiff's *Schultea* reply, the submissions of the parties, and relevant law, the Court concludes that Defendants' are entitled to qualified immunity from Plaintiff's individual-capacity claims.

## I. BACKGROUND

The factual allegations in this case have been previously summarized by the Court in two Memorandum Opinions, and the Court finds it unnecessary to repeat

them here given that this ruling does not require a close inspection of the facts newly alleged. In resolving the Defendants' first Motion for Judgment on the Pleadings related to their asserted qualified immunity, the Court ordered Plaintiff Latarsha Epps to respond to Defendants' qualified immunity defense by means of a reply pursuant to *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). (Mem. Op. & Order Granting in Part & Den. in Part Mot. J. Pleadings 10, ECF No. 39.) In her reply, Plaintiff was to 1) more specifically and clearly describe the circumstances of her allegedly protected speech by identifying how, when, where, and in what capacity she informed each of the defendants that their conduct ran afoul of state laws; 2) consider and address the Fifth Circuit's decision in *Sims v. City of Madisonville*, 894 F.3d 632, 639 (5th Cir. 2018), insofar as the "clearly established" prong of the qualified immunity doctrine is concerned; and 3) articulate the legal basis for her failure-to-investigate claim against these defendants in their individual capacities.

Plaintiff filed her *Schultea* reply on November 9, 2018, and Defendants filed the instant Motion for Judgment on the Pleadings on November 29, 2018. The parties competed briefing on January 29, 2018.

## II. DISCUSSION

a. <u>Standard of Review</u>

"A Motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In deciding a Rule 12(c) motion, the Court accepts all well pleaded facts as true and views them in the light most favorable to Plaintiff. *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018). But "the complaint must allege more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do, and factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

b. Qualified Immunity

42 U.S.C. § 1983 provides a cause of action for the violation of an individual's rights secured by the Constitution or laws of the United States by a person acting under color of state law. However, "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231

(2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).  Accordingly, a government official is entitled to immunity from suit unless (1) Plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct.  *Id.* at 232 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

"When a defendant pleads the defense of qualified immunity, the trial judge should determine both what the current applicable law is and whether it was clearly established when the action occurred."  *Schultea,* 47 F.3d at 1432 (citing *Siegert v. Gilley,* 500 U.S. 226, 231 (1991)).  The plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions, at least when those facts are known to the plaintiff and are not particularly within the knowledge of the defendants."  *Id.*  The plaintiff must provide "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury."  *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir. 1999).

    c. <u>Plaintiff's Failure-to-Investigate Claim Against Davis, Rhodes, and Thrasher</u>

Plaintiff concedes, in her *Schultea* reply, that there appears to be no constitutional basis for her failure-to-investigate claim alleged against Lisa Davis, Paul Rhodes, and Kenneth Thrasher, in their individual capacities.  Her failure-to-investigate claims against these defendants will be dismissed for failure to state a claim.

d. <u>Plaintiff's First Amendment Retaliation Claim Against Davis, Rhodes, and Thrasher</u>

Defendants maintain that Plaintiff's *Schultea* reply does not allege sufficient facts to overcome their qualified immunity relative to her First Amendment claim because 1) she does not detail the nature of her allegedly protected speech with enough specificity and 2) her speech was unprotected because it was not made in a public capacity. Additionally, and alternatively, Defendants contend *Sims* establishes that, at the time of Plaintiff's termination, it was not clearly established that First Amendment liability could attach to public officials who did not make the final decision to terminate.

Because *Sims* forecloses Plaintiff's First Amendment claims against these Defendants on "clearly established" grounds, the Court need not address whether her amended allegations state a claim. It is undisputed that the Board of Trustees of the School District ("the Board") terminated Plaintiff's employment, and that only the Board had the final decisionmaking authority to do so. While Davis – the superintendent of the district – recommended Plaintiff's termination to the Board, nothing suggests that Thrasher and Rhodes – who are members of the Board – had any role in Plaintiff's termination other than to deliberate and vote in their capacities as Board members. Thus, there is no viable individual capacity claim against Thrasher and Rhodes.

Regardless, *Sims* – decided on June 28, 2018 – makes clear that whether a city official who was not a final decisionmaker could be found individually liable for First Amendment retaliation had not been clearly established in the Fifth Circuit at

the time of Plaintiff's termination on November 18, 2016. *See Sims*, 894 F.3d at 641-42. Plaintiff's arguments to the contrary miss the point and are unavailing. Even assuming that the Plaintiff could present facts from which a jury could find a constitutional violation, Davis, Thrasher, and Rhodes are entitled to qualified immunity because it was not clearly established that they could be subject to individual liability for allegedly causing Epps' termination. *Id.* These claims must therefore be dismissed.

III. CONCLUSION

The Court has determined that Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher are entitled to qualified immunity from Plaintiff Latarsha Epps' individual-capacity § 1983 claims. Plaintiff's First Amendment retaliation and failure-to-investigate claims will be dismissed, and Defendants' Second Motion for Judgment on the Pleadings will be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [52] Second Motion for Judgment on the Pleadings Based on Qualified Immunity filed by Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher is **GRANTED**. Plaintiff's § 1983 claims against Defendants Lisa Davis, Paul Rhodes, and Kenneth Thrasher are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' [53] Motion for Leave to File Reply regarding their [52] Second Motion for Judgment on the Pleadings Based on Qualified Immunity is **MOOT**.

**IT IS FURTHER ORDERED** that the parties are directed to contact the Magistrate Judge's chambers within seven (7) days of this Order's entry to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED** this the 14th day of March, 2019.

                                                    s/ *Louis Guirola, Jr.*
                                                    LOUIS GUIROLA, JR.
                                                    UNITED STATES DISTRICT JUDGE